UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO ZAVALA,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>SALVADOR REIGOSA, et al.,<br><br>　　　　　　　　Defendants. | Case No.  1:21-cv-01631-NONE-SKO<br><br><u>FIRST SCREENING ORDER</u><br><br>ORDER FOR PLAINTIFF TO:<br><br>(1) FILE A FIRST AMENDED COMPLAINT; OR<br><br>(2) NOTIFY THE COURT THAT HE WISHES TO STAND ON HIS COMPLAINT<br><br>(Doc. 1)<br><br>THIRTY-DAY DEADLINE<br><br><u>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL</u><br><br>(Doc. 3) |

　　　　Plaintiff Antonio Zavala is proceeding *pro se* and *in forma pauperis* in this action. Plaintiff filed his complaint on November 8, 2021.  (Doc. 1).  Upon review, the Court concludes that the complaint fails to state any cognizable claims.

　　　　Plaintiff has the following options as to how to proceed.  Plaintiff may file an amended complaint, which the Court will screen in due course.  Alternatively, Plaintiff may file a statement

1

with the Court stating that he wants to stand on this complaint and have it reviewed by the presiding district judge, in which case the Court will issue findings and recommendations to the district judge consistent with this order. If Plaintiff does not file anything, the Court will recommend that the case be dismissed.

Also pending before the Court is Plaintiff's motion for appointment of counsel (Doc. 3), which is denied without prejudice for the reasons set forth below.

### I.   SCREENING REQUIREMENT

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen each case and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). *See also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (dismissal required of *in forma pauperis* proceedings which seek monetary relief from immune defendants); *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss *in forma pauperis* complaint under 28 U.S.C. § 1915(e)); *Barren v. Harrington,* 152 F.3d 1193 (9th Cir. 1998) (affirming *sua sponte* dismissal for failure to state a claim). If the Court determines that a complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). . A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Plaintiff must allege a minimum factual

1    and legal basis for each claim that is sufficient to give each defendant fair notice of what the
2    plaintiff's claims are and the grounds upon which they rest. *See, e.g., Brazil v. U.S. Dep't of the*
3    *Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

4         In reviewing the pro se complaint, the Court is to liberally construe the pleadings and accept
5    as true all factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94
6    (2007). Although a court must accept as true all factual allegations contained in a complaint, a
7    court need not accept a plaintiff's legal conclusions as true. *Iqbal*, 556 U.S. at 678. "[A] complaint
8    [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the
9    line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S.
10   at 557).

## II.  SUMMARY OF PLAINTIFF'S COMPLAINT

12        Plaintiff drafted his complaint using the general complaint form provided by this Court.
13   The complaint lists three defendants: (1) Salvador Reigosa; (2) Madga Martinez; and (3) Orlando
14   Lujan. (Doc. 1 at 2–3.) Plaintiff states that subject matter jurisdiction is based on federal question
15   under 28 U.S.C. § 1331. (*Id*. at 3.) In the section in which he is asked to indicate which of his
16   federal constitutional or federal statutory rights have been violated, he lists the following: 18 U.S.C.
17   § 242, 50 U.S.C. § 3033(k)(5), and "Executive Order: 13636 (5 U.S.C. § 2302(A)(2)(A)." (*Id*. at
18   4.) The statement of claim section of the complaint is blank. (*Id*. at 5.) Regarding the relief sought,
19   Plaintiff states that he "[d]o[es] not have precise amount or account of damages, a protective order
20   or new life might be needed as the damages in a high profile target in CI program are quite high (A
21   new life)." (*Id*. at 6.)

22        The Civil Cover Sheet lists the nature of suit as "other civil rights." (Doc. 1-1.) The cause
23   of action is described as "Civil Rights." (*Id*.)

## III.  DISCUSSION

25        For the reasons discussed below, the Court finds that the complaint does not state any
26   cognizable claims. Plaintiff shall be provided with the legal standards that appear to apply to his
27   claims and will be granted an opportunity to file an amended complaint to correct the identified
28   deficiencies.

**A.     Rule 8**

Rule 8 states that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Here, Plaintiff's complaint violates Rule 8 because it does not contain a short and plain statement of the claim demonstrating that he is entitled to relief.

Although the Federal Rules use a flexible pleading policy, Plaintiff is required to give fair notice to the defendants of the basis of the claim and must allege facts that support the elements of the claim plainly and succinctly.  A complaint must contain sufficient factual allegations to give the defendant fair notice of the claim and the grounds upon which it rests.  *Twombly*, 550 U.S. at 555.

Here, there are no factual allegations in the complaint that identify the basis of the claim and Plaintiff's references to federal statutes, without more, are not sufficient.  To the extent Plaintiff intends to bring claims under the statutes referenced, such claims are also not cognizable.  "Generally, criminal statutes do not confer private rights of action . . . ."  *Bailey v. Clarke*, 2012 WL 6720628, at *2 (S.D. Cal. Dec. 21, 2012) (citing *Stupy v. U.S. Postal Serv.*, 951 F.2d 1079, 1081 (9th Cir. 1991)).  Title 18 U.S.C. section 242 (*see* Doc. 1 at 4) is a criminal statute, and thus provides no basis for civil liability.  *See Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006) (18 U.S.C. § 242 provides no basis for civil liability); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (criminal provisions under Title 18 of the U.S. Code "provide no basis for civil liability") (citations omitted).  Title 50 U.S.C. section 3033(k)(5) (*see* Doc. 1 at 4) addresses the Inspector General of the Intelligence Community, and allows "[a]n employee of an element of the intelligence community, an employee assigned or detailed to an element of the intelligence community, or an employee of a contractor to the intelligence community who intends to report to Congress a complaint or information with respect to an urgent concern may report such complaint to the Inspector General." 50 U.S.C. § 3033(k)(5)(A).  Plaintiff has alleged no facts that would support such a claim, and even assuming he could, he is seeking relief from the Court, not filing a report with the Inspector General.  *See, e.g., Edwards v. Pruitt*, No. 7:20-cv-01400-LSC, 2020 WL 6712272, at *2 (N.D. Ala. Nov. 16, 2020) (granting motion to dismiss claim).  Plaintiff further cites

5 U.S.C. § 2302(b)(9)(D).  (*See* Doc. 1 at 4.)  Title 5 of the U.S. Code deals with Government Organization and Employees.  Section 2302(a)(2)(A) defines "personnel action" for purposes of the section.  5 U.S.C. § 2302(a)(2)(A).  Because Plaintiff does not explain how this definition or statute applies here, his claim is insufficiently stated.  *See Iqbal*, 566 U.S. at 679.  It is Plaintiff's duty to articulate his claim—neither the Court nor the defendants are required to try to decipher what claims Plaintiff is asserting in the action.

A complaint is also required to contain sufficient factual content for the court to draw the reasonable conclusion that the defendant is liable for the misconduct alleged.  *Iqbal*, 556 U.S. at 678.  Here, the statement of the claim is blank.  It is therefore impossible to determine what Plaintiff is alleging has occurred, or how the defendants are alleged to be responsible.

Rule 8 also requires that the complaint must state a demand for the relief sought.  Fed. R. Civ. P. 8(a)(3).  The complaint does not list any relief sought, only that a "protective order" or "a new life" "might be needed."  Plaintiff needs to set forth the relief he is seeking in the action if he elects to file an amended complaint.

In light of these deficiencies, the Court will grant Plaintiff leave to amend his complaint and set forth his claims more clearly.  If Plaintiff chooses to amend his complaint, he must allege facts and a cause of action that outlines his claims.  Simply listing the parties and providing unclear recitations of legal terms and statutory provisions is not sufficient.

**B.   Legal Standards**

In the event Plaintiff amends his complaint, the Court provides the following legal standards that may be relevant to his action:

1.   <u>Federal Subject Matter Jurisdiction</u>

Federal courts are courts of limited jurisdiction and their power to adjudicate is limited to that granted by Congress.  *U.S. v. Sumner*, 226 F.3d 1005, 1009 (9th Cir. 2000). Federal courts are presumptively without jurisdiction over civil actions, and the burden to establish the contrary rests upon the party asserting jurisdiction.  *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  Generally, there are two bases for subject matter jurisdiction: federal question jurisdiction and diversity jurisdiction.  28 U.S.C. §§ 1331, 1332.

Pursuant to 28 U.S.C. § 1331, federal district courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088–89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8–9 (1983)). The presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under this rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.*

Pursuant to 28 U.S.C. § 1332, federal district courts have diversity jurisdiction over civil actions "where the matter in controversy exceeds the sum or value of $75,000," and where the matter is between "citizens of different states." 28 U.S.C. § 1332(a)(1).

The complaint states that federal question exists in this action. Although the complaint cites to various federal statutes, it is unclear, for the reasons given above, which, if any, of these references are intended to allege a claim against the named defendants and what the factual bases of those claims may be. If Plaintiff elects to amend his complaint, he must allege facts establishing the existence of subject matter jurisdiction to proceed in federal court.

2.  Section 1983

To the extent Plaintiff intends to assert a civil rights claim (*see* Doc. 1-1), 42 U.S.C. § 1983 ("Section 1983"), known as the Civil Rights Act, provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979*)); see also Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d

1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under Section 1983, a plaintiff must allege that the defendant (1) acted under color of state law, and (2) deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. Cnty. of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law").  A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

A plaintiff must also demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77.  In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, 695 (1978).

Supervisory personnel are generally not liable under Section 1983 for the actions of their employees under a theory of *respondeat superior*; therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. *Iqbal*, 556 U.S. at 676-77; *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978).  To state a claim for relief under Section 1983 based on a theory of supervisory liability, a plaintiff must allege some facts that would support a claim that the supervisory defendants either personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or

promulgated or "implement[ed] a policy so deficient that the policy itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation." *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (citations and internal quotation marks omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  For instance, a supervisor may be liable for his "own culpable action or inaction in the training, supervision, or control of his subordinates," "his acquiescence in the constitutional deprivations of which the complaint is made," or "conduct that showed a reckless or callous indifference to the rights of others." *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991) (internal citations, quotation marks, and alterations omitted).

### C. Leave to Amend

The Court has screened Plaintiff's complaint and finds that it fails to state any cognizable claim.

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "the court should freely give leave [to amend] when justice so requires."  Accordingly, the Court will provide Plaintiff with time to file an amended complaint, so Plaintiff can provide additional factual allegations. *Lopez v. Smith*, 203 F.3d 1122, 1126-30 (9th Cir. 2000).

Plaintiff is granted leave to file an amended complaint within thirty days. If Plaintiff chooses to amend his complaint, in his amended complaint he must state what each named defendant did that led to the deprivation of his constitutional or other federal rights.  Fed. R. Civ. P. 8(a); *Iqbal*, 556 U.S. at 678; *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff is advised that an amended complaint supersedes the original complaint, *Lacey v. Maricopa County*, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*), and it must be complete in itself without reference to the prior or superseded pleading, Local Rule 220.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged.  The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.  Plaintiff's first amended complaint must be no longer than twenty-five pages, including

exhibits.

Plaintiff has a choice on how to proceed. Plaintiff may file an amended complaint if he believes that additional true factual allegations would state cognizable claims. If Plaintiff files an amended complaint, the Court will screen that complaint in due course. Alternatively, Plaintiff may choose to stand on his complaint subject to the Court issuing findings and recommendations to a district judge consistent with this order.

### IV.   MOTION TO FOR APPOINTMENT OF COUNSEL

With respect to Plaintiff's motion for the appointment of counsel, Plaintiff does not have a constitutional right to the appointment of counsel in this action. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). The Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1), but it will do so only if exceptional circumstances exist. *Palmer*, 560 F.3d at 970; *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). In making this determination, the Court must evaluate the likelihood of success on the merits and the ability of Plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Palmer*, 560 F.3d at 970 (citation and quotation marks omitted); *Wilborn*, 789 F.2d at 1331. Neither consideration is dispositive and they must be viewed together. *Palmer*, 560 F.3d at 970 (citation and quotation marks omitted); *Wilborn* 789 F.2d at 1331.

Given that the complaint as currently pleaded fails to state any cognizable claims, the Court cannot adequately assess the complexity of Plaintiff's case at this time to determine whether exceptional circumstances exist that would justify seeking counsel willing to represent plaintiff in this action on a *pro bono* basis. Plaintiff's motion to appoint counsel will therefore be denied at this time without prejudice to its renewal at a later stage of this litigation.

### V.   ORDER

Based on the foregoing, IT IS ORDERED that:

1.  Plaintiff's motion to appoint counsel (Doc. 3) is denied without prejudice;
2.  Within thirty (30) days from the date of service of this order, Plaintiff shall either:
    a.  File a First Amended Complaint; or

9

        b. Notify the Court in writing that he wants to stand on this complaint;

   3. If Plaintiff chooses to file an amended complaint, Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to case number 1:21-cv-1631-JLT-SKO; and

   4. Failure to comply with this order may result in the dismissal of this action.

IT IS SO ORDERED.

Dated: **February 11, 2022**　　　　　　　　／s／ *Sheila K. Oberto*
　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE