1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ANTONIO ZAVALA,                          Case No.  1:21-cv-01631-JLT-SKO

12                  Plaintiff,                FINDINGS AND RECOMMENDATIONS,
                                              RECOMMENDING THAT THIS CASE BE
13          v.                                DISMISSED FOR FAILURE TO STATE A
                                              CLAIM
14   SALVADOR REIGOSA, et al.,
                                              (Doc. 1)
15                  Defendants.
                                              TWENTY-ONE-DAY DEADLINE
16

17

18          Plaintiff Antonio Zavala is proceeding *pro se* and *in forma pauperis* in this action. Plaintiff

19   filed his complaint on November 8, 2021.  (Doc. 1).  On February 11, 2022, the undersigned

20   screened the complaint, concluding that Plaintiff stated no cognizable claims but providing Plaintiff

21   with options to proceed.  (Doc. 7.)  Plaintiff filed a response to the screening order on February 28,

22   2022, notifying the Court that he wished to stand on his complaint.[1]  (Doc. 8.)

23          For the reasons set forth below, the undersigned recommends that this action be dismissed

24

25   _____
     [1] Plaintiff's response is also directed to his inability to pay the filing fee in this case and for counsel.  (*See* Doc. 8 at 1–
26   2.)  The Court, however, previously found Plaintiff entitled to proceed *in forma pauperis* (*see* Doc. 4), and the screening
     order did not challenge Plaintiff's allegations of poverty; rather, it found Plaintiff failed to state a claim upon which
27   relief may be granted.  (*See* Doc. 7 at 3–8.)  As for the denial of Plaintiff's motion for appointment of counsel (Doc.
     3), such request was denied without prejudice due to the Court's inability to assess the complexity of the case in the
28   absence of any cognizable claims.  (*See* Doc. 7 at 9.)  To the extent Plaintiff is seeking reconsideration of the denial of
     his motion, such request is DENIED, as the undersigned reiterates her finding that Plaintiff's complaint fails to state a
     claim upon which relief may be granted.

                                                     1

1   for failure to state a claim.

2       Plaintiff has twenty-one days from the date of service of these findings and
3   recommendations to file his objections.

## I.      SCREENING REQUIREMENT

5       In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen
6   each case and shall dismiss the case at any time if the Court determines that the allegation of poverty
7   is untrue, or that the action or appeal is frivolous or malicious, fails to state a claim upon which
8   relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.
9   28 U.S.C. § 1915(e)(2).  *See also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (dismissal required
10  of *in forma pauperis* proceedings which seek monetary relief from immune defendants); *Cato v.*
11  *United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss *in forma*
12  *pauperis* complaint under 28 U.S.C. § 1915(e)); *Barren v. Harrington,* 152 F.3d 1193 (9th Cir.
13  1998) (affirming *sua sponte* dismissal for failure to state a claim).  If the Court determines that a
14  complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies
15  of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000)
16  (en banc).

17      In determining whether a complaint fails to state a claim, the Court uses the same pleading
18  standard used under Federal Rule of Civil Procedure 8(a).  A complaint must contain "a short and
19  plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P.
20  8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of
21  a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556
22  U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  .  A
23  complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack
24  of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory.  *See Balistreri*
25  *v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  Plaintiff must allege a minimum factual
26  and legal basis for each claim that is sufficient to give each defendant fair notice of what the
27  plaintiff's claims are and the grounds upon which they rest.  *See, e.g., Brazil v. U.S. Dep't of the*
28  *Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

2

1    In reviewing the pro se complaint, the Court is to liberally construe the pleadings and accept

2    as true all factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94

3    (2007). Although a court must accept as true all factual allegations contained in a complaint, a

4    court need not accept a plaintiff's legal conclusions as true. *Iqbal*, 556 U.S. at 678. "[A] complaint

5    [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the

6    line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S.

7    at 557).

## II.    SUMMARY OF PLAINTIFF'S COMPLAINT

9    Plaintiff drafted his complaint using the general complaint form provided by this Court.

10   The complaint lists three defendants: (1) Salvador Reigosa; (2) Madga Martinez; and (3) Orlando

11   Lujan. (Doc. 1 at 2–3.) Plaintiff states that subject matter jurisdiction is based on federal question

12   under 28 U.S.C. § 1331. (*Id.* at 3.) In the section in which he is asked to indicate which of his

13   federal constitutional or federal statutory rights have been violated, he lists the following: 18 U.S.C.

14   § 242, 50 U.S.C. § 3033(k)(5), and "Executive Order: 13636 (5 U.S.C. § 2302(A)(2)(A)." (*Id.* at

15   4.) The statement of claim section of the complaint is blank. (*Id.* at 5.) Regarding the relief sought,

16   Plaintiff states that he "[d]o[es] not have precise amount or account of damages, a protective order

17   or new life might be needed as the damages in a high profile target in CI program are quite high (A

18   new life)." (*Id.* at 6.)

19   The Civil Cover Sheet lists the nature of suit as "other civil rights." (Doc. 1-1.) The cause

20   of action is described as "Civil Rights." (*Id.*)

## III.    ANALYSIS OF PLAINTIFF'S COMPLAINT

22   Rule 8 states that a complaint must contain "a short and plain statement of the claim showing

23   that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Here, Plaintiff's complaint violates

24   Rule 8 because it does not contain a short and plain statement of the claim demonstrating that he is

25   entitled to relief.

26   Although the Federal Rules use a flexible pleading policy, Plaintiff is required to give fair

27   notice to the defendants of the basis of the claim and must allege facts that support the elements of

28   the claim plainly and succinctly. A complaint must contain sufficient factual allegations to give

the defendant fair notice of the claim and the grounds upon which it rests. *Twombly*, 550 U.S. at 555.

Here, there are no factual allegations in the complaint that identify the basis of the claim and Plaintiff's references to federal statutes, without more, are not sufficient. To the extent Plaintiff intends to bring claims under the statutes referenced, such claims are also not cognizable. "Generally, criminal statutes do not confer private rights of action . . . ." *Bailey v. Clarke*, 2012 WL 6720628, at *2 (S.D. Cal. Dec. 21, 2012) (citing *Stupy v. U.S. Postal Serv.*, 951 F.2d 1079, 1081 (9th Cir. 1991)). Title 18 U.S.C. section 242 (*see* Doc. 1 at 4) is a criminal statute, and thus provides no basis for civil liability. *See Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006) (18 U.S.C. § 242 provides no basis for civil liability); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (criminal provisions under Title 18 of the U.S. Code "provide no basis for civil liability") (citations omitted). Title 50 U.S.C. section 3033(k)(5) (*see* Doc. 1 at 4) addresses the Inspector General of the Intelligence Community, and allows "[a]n employee of an element of the intelligence community, an employee assigned or detailed to an element of the intelligence community, or an employee of a contractor to the intelligence community who intends to report to Congress a complaint or information with respect to an urgent concern may report such complaint to the Inspector General." 50 U.S.C. § 3033(k)(5)(A). Plaintiff has alleged no facts that would support such a claim, and even assuming he could, he is seeking relief from the Court, not filing a report with the Inspector General. *See, e.g., Edwards v. Pruitt*, No. 7:20-cv-01400-LSC, 2020 WL 6712272, at *2 (N.D. Ala. Nov. 16, 2020) (granting motion to dismiss claim).

Plaintiff further cites 5 U.S.C. § 2302(b)(9)(D). (*See* Doc. 1 at 4.) Title 5 of the U.S. Code deals with Government Organization and Employees. Section 2302(a)(2)(A) defines "personnel action" for purposes of the section. 5 U.S.C. § 2302(a)(2)(A). Because Plaintiff does not explain how this definition or statute applies here, his claim is insufficiently stated. *See Iqbal*, 566 U.S. at 679. It is Plaintiff's duty to articulate his claim—neither the Court nor the defendants are required to try to decipher what claims Plaintiff is asserting in the action.

A complaint is also required to contain sufficient factual content for the court to draw the reasonable conclusion that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at

678. Here, the statement of the claim is blank. It is therefore impossible to determine what Plaintiff is alleging has occurred, or how the defendants are alleged to be responsible.

Lastly, Rule 8 requires that the complaint must state a demand for the relief sought. Fed. R. Civ. P. 8(a)(3). The complaint does not list any relief sought, only that a "protective order" or "a new life" "might be needed."

## IV.    CONCLUSION AND RECOMMENDATIONS

The undersigned has screened Plaintiff's complaint and finds that it fails to state any cognizable claims. Plaintiff was provided with applicable legal standards, an explanation why his complaint failed to state a claim, and leave to file an amended complaint, but Plaintiff chose to stand on his complaint.

Accordingly, based on the foregoing, it is HEREBY RECOMMENDED that:

1.      This action be dismissed for failure to state a claim; and

2.      The Clerk of Court be directed to close the case.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within twenty-one (21) days of service of these recommendations, Plaintiff may file written objections to these findings and recommendations with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   __**March 7, 2022**__                  _____*/s/ Sheila K. Oberto*_____
                                                            UNITED STATES MAGISTRATE JUDGE

5