UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO ZAVALA,<br><br>          Plaintiff,<br><br>     v.<br><br>SALVADOR REIGOSA, et al.,<br><br>          Defendants. | Case No.  1:21-cv-01631 JLT SKO<br><br>ORDER ADOPTING IN FULL FINDINGS AND RECOMMENDATIONS THAT THIS CASE BE DISMISSED FOR FAILURE TO STATE A CLAIM AND DENYING PLAINTIFF'S REQUEST FOR EMERGENCY PROTECTIVE ORDER<br><br>(Docs. 9, 10) |

Antonio Zavala is proceeding *pro se* and *in forma pauperis* in this action, which he initiated by filing a complaint on November 8, 2021.  (Doc. 1).  On February 11, 2022, the assigned magistrate judge found Plaintiff did not state a cognizable claim.  (Doc. 7 at 6-8.)  The magistrate judge informed Plaintiff that he "may file an amended complaint if he believes that additional true factual allegations would state cognizable claims" or "choose to stand on his complaint…." (*Id.* at 9.)  On February 28, 2022, Plaintiff filed a response to the screening order and notified the Court that he wished to stand on the complaint.  (Doc. 8 at 1.)

On March 7, 2022, the magistrate judge issued Findings and Recommendations and recommended dismissal.  (Doc. 9.)  The magistrate judge determined "there are no factual allegations in the complaint that identify the basis of the claim and Plaintiff's references to federal statutes, without more, are not sufficient." (*Id.* at 4.)  The magistrate judge found it also was "impossible to determine what Plaintiff is alleging has occurred, or how the defendants are

1

alleged to be responsible." (*Id.* at 5.)  Further, the magistrate judge noted that "Plaintiff was provided with applicable legal standards, an explanation why his complaint failed to state a claim, and leave to file an amended complaint, but Plaintiff chose to stand on his complaint." (*Id.*)  Therefore, the magistrate judge recommended dismissal for failure to state a claim. (*Id.*)

The Findings and Recommendations contained notice that any objections were due within 21 days. (Doc. 9 at 5.)  On March 28, 2022, Plaintiff filed a statement reiterating his intention to "stand on [his] complaint." (Doc. 10 at 1.)  In addition, Plaintiff requested an "emergency protective order" based on the same allegations made therein. (*See id.* at 1-3.)

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C) and *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983), the Court conducted a de novo review of the case.  Having carefully reviewed the matter, including Plaintiff's most recent filing, the Court finds the Findings and Recommendations are supported by the record and proper analysis.  Furthermore, the Court denies Plaintiff's "request for emergency protective order" because he did not state a cognizable claim for relief in his complaint and, consequently, cannot meet his burden to demonstrate a likelihood of success on the merits.  *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (To obtain injunctive relief, the moving party must show "that he is likely to succeed on the merits.").

Based upon the foregoing, the Court **ORDERS**:

1. The Findings and Recommendations issued March 7, 2022 (Doc. 9) are **ADOPTED** in full.
2. Plaintiff's "request for emergency protective order" (Doc. 10) is **DENIED**.
3. This action is **DISMISSED** due to Plaintiff's failure to state a claim; and
4. The Clerk of Court is directed to **CLOSE** this case.

IT IS SO ORDERED.

Dated:   **April 4, 2022**

UNITED STATES DISTRICT JUDGE

2